Maurice H. Matzkin, J.
(dissenting). Under the evidence herein it cannot be disputed that a nuisance existed between January 1 and June 15, 1964. The use of narcotics by a large number of people in such a short period of time in one location constitutes a public nuisance. The question to be resolved here is whether or not the defendant Campbell maintained the nuisance.
The defendant Campbell was the lessee and manager of the premises, and was in control of the premises. From his testimony, it is patent that he knew of their unlawful use. The condition was kept in existence and continuance by him between January 1 and June 15,1964, during which time 107 narcotics arrests were made inside the hotel.
The right to operate an hotel carries with it an obligation to use reasonable effort to prevent injury to the public. The 107 arrests and the numerous resulting convictions, as well as commitments under article 9 of the Mental Hygiene Law, indicate that reasonable effort to avert such injury was absent here.
Clearly, the defendant Campbell has been made fully aware of the existence of the nuisance. Under the evidence, I find that Campbell had made what is merely a token effort to cure and abate the nuisance. He has failed to supply the high degree of specialized supervision that is called for in the light of the situation shown to have existed.
The defendant Ehidouri, the owner of the property, is in a different position and under the evidence herein his guilt has not been established.
The defendant Campbell is guilty of knowingly permitting and maintaining the Sylvan Hotel to be used as a public nuisance without abating same, in violation of the provisions of section 1533 of the Penal Law (People v. Tendetnick, 237 App. Div. 9).
The motion to dismiss the information and to acquit as to the defendant Campbell should be denied.
Kern-, J., concurs with B,ingel, P. J.; Matzkin, J., dissents in opinion.
Motion to dismiss the information and acquit the defendants is granted.